UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH PATRICK STODDART, | Case No. 2:22-cv-00065-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| RYAN WILLIAM JOLLEY, H. ALAYNE BEAN, and DANIEL ROBERT CLARK, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Joseph Stoddart's Complaint (Dkt. 2) and Application for Leave to Proceed In Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court must review Stoddart's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Stoddart's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Stoddart's application to proceed in forma pauperis. Further, the Court finds Stoddart's Complaint legally sufficient to survive initial review.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court has examined Stoddart's application to proceed in forma pauperis and finds that Stoddart has established his indigency. Stoddart states that he receives no monthly income. Dkt. 1, at 2. Stoddart appears to have been unemployed since February 2021. *Id*. Further, Stoddart does not list any assets. *Id*. at 3. Stoddart lists no monthly expenses. *Id*. at 4. Stoddart does not list any dependents, but states that he currently lives with his mother following a treatment program. *Id.* at 5. Stoddart further states that he is currently in an intensive outpatient program at Brickhouse Recovery in Idaho Falls, Idaho. *Id*. Based on Stoddart's circumstances, the Court finds good cause to GRANT Stoddart's Application for Leave to Proceed In Forma Pauperis. The Court will waive the filing fee in its entirety.

MEMORANDUM DECISION AND ORDER - 2

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a court of limited jurisdiction and as such can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction ". . . over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

In this case, Stoddart states several allegations against three defendants. Stoddart alleges violations of due process pursuant to the fifth, sixth, and fourteenth amendments arising under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. U.S.*, 405 U.S. 150 (1972). Dkt. 2, at 3. To support these claims, Stoddart alleges that during the prosecution of Bonneville County Case Number CR2018-2173, the Defendants withheld information during the discovery process. *Id*. at 4. Stoddart claims that the controversy relates to certain failures on the part of the Idaho State Police Forensic Laboratory in Pocatello, Idaho, involving an employee: Scott Hailstrom. *Id*.

Stoddart states that he was convicted and incarcerated in Bonneville County Jail on December 19, 2019, and that on February 20, 2020, before being transported to Idaho State Prison, he learned new information about actions taken by forensic scientist Hailstrom. *Id*. Stoddart claims that Hailstorm's employment was terminated and that this fact affected the authenticity and/or reliability of certain evidence. *Id.* Stoddart alleges that Defendants committed a *Brady* violation by not informing him in the discovery process about the controversy dealing with Hailstrom. *Id*. He further alleges that the information would have changed the outcome of his case. *Id.*

As for relief, Stoddart requests that the Court provide him compensation ($1,200,000) for the one and a half years of incarceration in the Idaho Department of Correction. *Id*. He also states that he has suffered depression and mental anguish and lost everything he owned because he was incarcerated. *Id*. Stoddart states that the alleged wrongs are ongoing because he is still on parole. *Id*. He also states that Defendants deprived him of "life liberty and the pursuit of happiness by violating [his] right to due process and

is clearly a Brady violation and Giglio violation." *Id*.

The United States Supreme Court has established a framework for both a *Brady* and *Giglio* violation. *To* establish a *Brady* violation, three elements—favorability, suppression, and materiality—must be shown. That is, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *United States v. Olsen,* 704 F.3d 1172, 1181 (9th Cir.2013) (cleaned up). Suppression may be either intentional or inadvertent, and even "[a]n innocent failure to disclose favorable evidence constitutes suppression . . . ." *Id.* at 1182 (citations omitted). Evidence is prejudicial "'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Kohring,* 637 F.3d 895, 902 (9th Cir.2011) (quoting *United States v. Bagley,* 473 U.S. 667, 682 (1985)).

A *Giglio* violation occurs where the prosecution suppresses evidence that impeaches a witness's credibility. *Giglio,* 405 U.S. at 154. To establish a *Giglio* violation, the same three elements necessary for a *Brady* violation must be shown. *Kohring,* 637 F.3d at 901. Materiality, the third element of a *Brady/Giglio* violation, can be the most elusive. "For the purpose of *Brady/Giglio,* 'material' and 'prejudicial' have the same meaning." *Id.* at 902 n. 1 (citation omitted). Materiality is shown where there is "a 'reasonable probability' of prejudice when suppression of evidence 'undermines confidence in the outcome of the trial.'"  *Id.* at 902 (quoting *Kyles v. Whitley,* 514 U.S. 419, 434 (1995)).

In this case, Stoddart alleges that Defendants withheld information during the discovery process. This undisclosed information may have been exculpatory or impeaching in nature according to Stoddart. Stoddart further alleges that due to the nondisclosure of the evidence he was convicted and incarcerated. Construing pro se pleadings liberally and giving Stoddart the benefit of any doubt, the Court finds the federal criteria of 25 U.S.C. § 1331 preliminarily met. The Court expresses no opinion on the underlying merits of any of Stoddart's claims; again, only that the allegations survive this threshold inquiry.

## IV. CONCLUSION

Stoddart has adequately established his indigency. As such, the Court will waive the filing fee in its entirety. Additionally, Stoddart's Complaint is legally sufficient, and this case may proceed.

## V. ORDER

1.   Stoddart's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is GRANTED. The Court will waive the filing fee in its entirety.

2.   After an initial review of the Complaint, the Court will allow Stoddart to proceed with his claims against Defendants.

3.   Stoddart may proceed with service of the Summons of his Complaint in accordance with applicable procedures.[1] Pursuant to Federal Rule of Civil

---

[1] The Court advises Stoddart that he is subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). Stoddart may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, on the Court's website: http://www.id.uscourts.gov/district/forms_fees_rules/Civil_Rules.cfm.

Procedure 4(c)(3) and 28 U.S.C. § 1915, the Court will concurrently issue a

notice regarding service.

DATED: April 19, 2022

David C. Nye
Chief U.S. District Court Judge